PER CURIAM.
Borden, Inc., relator, has filed this writ application seeking relief from the denial of a preliminary injunction and the denial of an action to nullify a contract with Brown’s Velvet for the delivery of milk products. Borden seeks this award from respondent, the Jefferson Parish School Board, for the 1992-93 school year. It is undisputed Borden was the lowest bidder. The reason given by the school board for rejecting the bid was that Borden had a self-insured deductible of $3,000,000.00 for general liability exposure. The issue before this court is whether Borden complied with the bid specifications relative to insurance. We conclude it did. We reverse and remand.
We also note that an appeal has been lodged (No. 92-CA-983) in this court by the relator on the same judgment complained of in its writ application. In the interest of judicial economy it is therefore ordered that this writ application, No. 92-C-901, be and is hereby consolidated and made part of the appellate record in the matter styled “No. 92-CA-983, Borden, Inc. v. Jefferson Parish School Board.” Since we are reversing the judgment complained of the appeal is now rendered moot. We dismiss appeal No. 92-CA-983.
Relator raises nine specifications of error, one of which asserts the trial court erred by failing to find that the insurance specification was met. Since we find merit to this specification we pretermit a discussion of the remaining specified errors.
We conclude the trial judge was manifestly erroneous in finding Borden to be disqualified. The specifications do not disqualify a bidder who is self-insured for a certain deductible. Additionally, they do not disqualify a bidder who elects to meet its deductible with a surety bond from an insurance company with an A+ rating.
The insurance requirement is provided for in Article VII of the bid specifications. The specification requires a successful bidder to either have the certificate of insurance filed or to furnish it “within fifteen (15) calendar days after [the] award letter.” Article VII A. The failure to provide the certificate results in forfeiture; the award is then given to the next lowest bidder. Article VII B. The insurance specification requires the following:
The insurance must be in a company acceptable to the Jefferson Parish Public School System, and rated as follows:
1. A.M. Best Company Rating of B + , VII, or higher, for commercial Automo *1182 bile and Commercial General Liability Insurance.
Article 17D, as amended June 4, 1992.
Article VIIB (2) requires comprehensive liability insurance “with minimum limits of $300,000.00 per occurrence Bodily Injury and $50,000.00 Property Damage.”
By letter dated July 15, 1992 Ronald P. Ceruti, Director of General Services for Jefferson Parish School Board,- informed Borden its bid was being released on the following basis: Borden’s General Liability Insurance did not meet the requirements. No further explanation was given.
The affidavit of James B. Farmer was introduced into evidence. He averred the following: He is an attorney employed by Borden. He spoke with Michael Fanning, the school board’s attorney. Farmer wrote a letter July 6, 1992 submitting Borden’s offer of “a surety bond from a top-rated carrier.” The attached letter indicated Borden’s intent to acquire a surety bond from Safeco Insurance Company which would guarantee Borden’s written agreement to indemnify the school board. The indemnification agreement would indemnify the school board as follows:
for any liabilities which would normally be covered by a general liability insurance policy, up to the limit of Borden’s $3,000,000 self-insured retention.
The affidavit of Nancy Gilmore was also introduced. She averred the following: She is employed by Borden in the Corporate Risk Management Department. The surety bond from Safeco carries a 1991 Best Rating of A+.
The school board rejected the offer and awarded the contract to the next lowest bidder. Borden filed a petition for injunc-tive relief and also sought a decree that the award be given to Borden.
We have explained in D.M. Clement Contr. v. St. Charles Parish, 524 So.2d 86, 89 (La.App. 5th Cir.1988):
Louisiana follows the general rule of vesting a public agency, in awarding a public works contract, with discretion subject to judicial review. Courts will not substitute their judgment for the good faith judgment of an administrative agency, [citations omitted].
However, in the instant case the school board interpretation of the insurance provision with its rejection of the Safeco Insurance Company’s bond was arbitrary and unreasonable.
Since there was no evidence or stipulation regarding the specific bid contract we are unable to determine the specific award to Borden. Therefore, we must remand for a determination.
The school board calls to our attention the following provision at La.R.S. 38:2212N(1):
Whenever a political subdivision enters into an estimated use or delivery contract for a perishable food item, the political subdivision shall be prohibited from awarding another estimated use contract for the same perishable food item without first having taken delivery of at least seventy-five percent of the perishable food item under the existing contract.
However, the school board expressed uncertainty as to whether this provision applies to this situation. We construe the above provision to apply to a properly awarded contract and not to one which in this case was improperly awarded. Furthermore, La.R.S. 38:2220(A) provides:
Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void, [emphasis added].
Accordingly, for the reasons stated, the judgment denying the preliminary injunction and action to nullify a contract is reversed. Judgment is now entered in favor of Borden, Inc. granting the preliminary injunction and action for nullity. IT IS ORDERED, ADJUDGED AND DECREED that a preliminary injunction issue herein, directed to the Jefferson Parish School Board, restraining, enjoining and prohibiting the Jefferson Parish School Board, its agents, employees, and all other persons, firms or corporations acting or claiming to act on its behalf, from awarding the bid contracts for the 1992-93 school year to any other person or entity other than Bor *1183 den, Inc., the lowest bidder. The award to Brown’s Velvet is nullified. This matter is remanded to the district court for an expedited hearing to determine the specific contract now awarded to Borden.
WRIT APPLICATION REVERSED AND RENDERED; REMANDED.
APPEAL CONSOLIDATED WITH WRIT APPLICATION; APPEAL DISMISSED AS MOOT.