WICKER, Judge.
Resor Plumbing and Heating, Inc. (RE-SOR) appeals a judgment forbidding the award of a sewerage construction contract to anyone but Donald M. Clement Contractor, Inc. (CLEMENT). The issue before this court is the interpretation of plans and specifications in connection with the award of a particular public works contract. We reverse and recall the writ of mandamus.
The Parish advertised for bids for the construction of an overextended sewerage system in May of 1987. Six bids were received for the work, among them the bids of Clement and Resor. Clement’s bid was the lowest of all, and the Parish advised Clement that it was the apparent low bidder. The Parish then requested additional information from Clement, including information concerning its bonding company and bonding capacity. All the requested information was furnished except that relating to the bond.[1]
A Parish committee then met to consider a possible inadequacy in Clement’s bid. The specifications mandated that a bid bond accompany any bid on the project and, as interpreted by the Council, required that the bonding company have an “A” or better rating by A.M. Best. The bid bond submitted by Clement was furnished by a Louisiana surety company which was not listed or rated by A.M. Best. Consequently, the contract was awarded to Resor, the second lowest bidder for the project.
Clement filed a Petition for Writ of Mandamus and/or Writ of Prohibition, asking that the Parish be prohibited from awarding the contract to any other bidder. Re-sor was not made a party to this suit, which came to trial without notice to or participation by Resor. The trial judge awarded Clement the relief it asked for, finding that
There is nothing wrong with the plaintiff. At issue is an interpretation of the bonding requirements to be supplied by the contractor. The bonds are of two *88 types, a bid bond and a performance bond.
A reading of the specifications is mandatory (Exhibit P-3). It is the interpretation of the Parish that an A+ rating is for all bonds.
It is the interpretation of the plaintiff that the A 4- rating applies to the performance bond and not to the bid bond. In the alternative, plaintiff argues that the bid bond given, even if not A+ rated, was an informal defect which it cured instantly after notice.
The St. Charles Parish Council was faced with three choices:
1. Award the contract to the plaintiff;
2. Award the contract to the second lowest bidder;
3. Knock out all bids and start over— and look at a 100-day delay on an overextended sewerage system.
Following judgment in favor of Clement, Resor intervened and appealed.
The specifications concerning the requisite bonds follow:
Each BID must be accompanied by a BID bond payable to the OWNER for five percent of the total amount of the BID. As soon as the BID prices have been compared the OWNER will return the bonds of all except the three lowest responsible BIDDERS. When the Agreement is executed the bonds of the two remaining unsuccessful BIDDERS will be returned. The BID bond of the successful BIDDER will be retained until the payment bond and performance bond have been executed and approved, after which it will be returned. A Certified check may be used in lieu of a Bid Bond.
A performance bond and a payment bond, each in the amount of 100 percent of the CONTRACT PRICE, with a corporate surety approved by the OWNER, will be required for the faithful performance of the contract.
The bonds submitted must be from a surety company authorized to do business in Louisiana and with a rating of “A” or better in the most current edition of the A.M. Best Insurance Report. The bonds must be countersigned by a Louisiana licensed agent authorized to represent the surety company writing the bond and that agent’s power of attorney must be attached to the bond submitted. The bond shall also indicate the current bond rating of the contractor.
The Parish interprets its advertised specifications as requiring that the bid bond, as well as the payment and performance bonds, be rated A. We believe that this is a reasonable interpretation and is neither arbitrary nor capricious.
The awarding of public works contracts is governed by L.S.A.-R.S. 38:2212 A(l)(a) and (b):
All public work exceeding the contract limit as defined herein, including labor, materials, and all purchases of materials or supplies exceeding the sum of five thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this Part.
The provisions and requirements of this Section and those stated in the advertisement for bids shall not be considered as informalities and shall not be waived by any public entity.
The right of the public entity to “reject any and all bids for just cause” is reserved by L.S.A.-R.S. 38:2214 A(2), and the Parish also made such a reservation in its plans and specifications.
Notwithstanding any such reservation, the Supreme Court has held that in some cases a disqualified bidder is entitled to written notice of his disqualification and an informal hearing, outlined in the provisions of L.S.A.-R.S. 38:2212 J. Haughton Elevator Division v. State, etc., 367 So.2d 1161 (La.1979). The issue in Haughton was “whether an awarding authority which advertises for bids must give adequate notice and a fair hearing on unfavorable charges to a bidder which the authority intends to disqualify as a non-responsible *89 bidder....” That case and others[2] left open the question of the rights, if any, of a bidder who has simply failed to bid “according to the contract, plans, and specifications.” [3]
In the case of Williams v. Board of Sup’rs, etc., 388 So.2d 438 (La.App. 2d Cir.1980), the court considered the effect of the Haughton ruling on cases in which a bidder is sought to be disqualified for failing to bid according to plans and specifications. The court noted:
... it should be noted that, unlike Haughton which involved the disqualification of a bidder as not responsible, we are dealing with a disqualification for not bidding according to advertised specifications. Since all of the information needed by the awarding authority in our case is contained in the bid, the elaborate procedural requirements enunciated in Haughton are inapplicable. We recognize, as dictated by Haughton, that the lowest responsible bidder, bidding in conformity to specifications, does have a statutory entitlement entailing due process requirements. However, under our particular factual situation due process simply requires that the awarding authority, after a careful consideration of the written bid, act in a manner that is not arbitrary.
At p. 441. See also Tide Equipment Co. v. Pointe Coupee Par. Police Jury, 312 So.2d 154 (La.App. 1st Cir.1975), writ den. 315 So.2d 38 (La.1975).
Clement has argued that the lack of an “A” rated bond is a mere formality which the Parish could have waived. However, the provisions of L.S.A.-R.S. 38:2212 A(l)(b), supra, do not support this position.[4]
We hold that the Parish’s reasonable, good faith interpretation of its own specifications should not be disturbed by a court whose views might be different. In making this holding, we follow in substance those many prior cases which have held that
Louisiana follows the general rule of vesting a public agency, in awarding a public works contract, with discretion subject to judicial review. Courts will not substitute their judgment for the good faith judgment of an administrative agency.
Budd Const. Co., Inc. v. City of Alexandria, 401 So.2d 1070, 1077 (La.App. 3rd Cir.1981), writ den. 404 So.2d 1262 (La.1981). Accord: Audubon Store Inc. v. Schrimsher, 434 So.2d 1159 (La.App. 1st Cir.1983); Toye Bros. Yellow Cab Co. v. City of New Orleans, 264 So.2d 768 (La.App. 4th Cir.1972).
We hold that Clement failed to follow the advertised plans and specifications, as reasonably interpreted by the Parish; that the Parish was neither arbitrary nor unreasonable in awarding the sewerage contract to Resor; and that Clement had no right to notice and a hearing on the rejection of its bid. The judgment of the trial court is reversed, and the mandamus is recalled. Clement must pay the costs of this appeal.
*90 REVERSED, WRIT OF MANDAMUS RECALLED.

. Clement’s vice-president testified that this information was furnished along with the rest. However, the documents in evidence omit any response on this issue to the Parish’s request.

. North Cent. Util. v. Walker Comm. Water Sys., 437 So.2d 922 (La.App. 2d Cir.1983), on appeal after remand 506 So.2d 1325 (La.App. 2d Cir.1987).

. “The court left unresolved an important issue concerning the rights of a low bidder who is disqualified for not bidding 'according to the contract, plans, and specifications as advertised.’ Is a low bidder who is disqualified for failure to submit a responsive bid entitled to the same specified procedural safeguards as a low bidder who is disqualified as not responsible? ... Whereas the low bidder would serve as a good source of information in a determination of whether a bidder is irresponsible, its helpfulness would be minimal in determining whether the bid is responsive. All the information the authority needs is contained in the bid and is preserved in a form suitable for later judicial review.” (Footnotes omitted.) Note, "Shaping Specific Procedural Requirements for Disqualification under Louisiana’s Public Bid Law”, 40 La.L.Rev. 871, 879 (1980).

.The critical importance of the proper bond is noted in Davis v. Franklin Parish School Bd., 412 So.2d 1131, 1134 (La.App. 2d Cir.1982), writ den. 415 So.2d 942 (La.1982): “The failure to give the required bond for a public work is not a mere formality or irregularity but is a substantial enervation of the Public Bid Law and rendered the contract null and void.” (Citations omitted.)