ROBERT M. MURPHY, Judge.
1 ¡¿Plaintiff-appellant, Roy F. Zeringue, appeals the trial court’s February 17, 2013 judgment, which denied his request for a temporary restraining order and granted in part and denied in part his request for a permanent injunction against defendant-appellee, St. James Parish School Board (“the Board”). For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On June 5, 2012, Zeringue, filed a petition seeking a temporary restraining order and a permanent injunction against the Board. In his petition, Zeringue sought to enjoin the Board from allowing its school buses to use a specific gate located at Lutcher High School, as an exit from the school. The gate at issue (hereinafter referred to as “the Gate”) is located at the intersection of Buddy Whitney Street and Bulldog Boulevard, which is situated directly across the street from the backyard portion of Zeringue’s property. Zeringue alleges that the Gate had not been used by the Board since 1992. However, after the Board began new construction at Lutcher High School in 2012, it re-opened the Gate. As a result, |3the Board began allowing its school buses to exit the high school through the Gate and travel down the street located behind Zeringue’s house, Buddy Whitney Street.
Zeringue contends that he has experienced a number of problems resulting from the Board’s re-opening of the Gate. Specifically, Zeringue contends the following: (1) the school buses and other school traffic drive the wrong way down- Buddy Whitney Street, which is a one-way street; (2) the school buses and school traffic have caused damage to his property by driving onto the edge of his property; (3) the vibrations from the school traffic have caused structural damage to his property; and (4) the school traffic and noisy students create an ongoing noise disturbance for Zeringue. Zeringue further alleges that the Board is prohibited from opening the Gate by Article V of the Lutcher Zoning Ordinance No. 02-2, and that the Board failed to obtain a permit to re-open the Gate.
On August 15, 2012, the Board filed an opposition and an exception of no cause of action to Zeringue’s petition for a temporary restraining order and a permanent injunction. The Board admits that it commenced new construction at Lutcher High School. However, it contends that the Gate is located at the intersection of two public roads, Buddy Whitney Street and Bulldog Boulevard, that have been in existence for many years prior to the new construction. As such, the Board argues that it is not required, and that Zeringue has not shown that it is required to obtain a permit in order to open the Gate located at the intersection. In addition, the Board contends that the zoning ordinance cited by Zeringue, Article V of the Lutcher Zoning Ordinance No. 02-2, is not applicable to this case. .Specifically, the Board claims that Ordinance No. 02-2 relates only to permitted uses, minimum lot requirements, and maximum structure heights of residential, commercial, and industrial property.
|4Zeringue’s temporary restraining order and permanent injunction and the Board’s exception of no cause of action were set for hearing on October 15, 2012. At the hearing, Zeringue called five witnesses to testify, including (1) himself; (2) three of his neighbors; and (3) Jody Chenier, Director of Operations for the St. James Parish Government. Zeringue’s neighbors testified regarding their experiences since the Board re-opened the Gate. The testimony *358 consisted of noise complaints, speeding traffic, cracked sidewalk and tire ruts in the homeowners’ yards. At least some of the neighbors’ complaints were related to the new construction at Lutcher High School, as opposed to the re-opening of the Gate.
Zeringue testified that he owned his home for at least two years before the Board closed the Gate in 1992. Since the Board’s recent re-opening of the Gate, Ze-ringue testified that his fence has been hit seven times. He further stated that he had to re-fill the portion of his property between his fence and Buddy Whitney Street, due to the school buses driving onto his property. Zeringue also complained that the noise from garbage trucks pulling up to the Gate begins at 4:30 a.m., and that the noise from the school buses begins at 5:00 a.m. Additionally, he complained of cracks in tiles of his home and in his driveway and sidewalks, all of which, he contends was caused by the school bus traffic. He testified that he has cancelled family functions at his home due to the noise and traffic travelling from the Gate.
Jody Chenier, as Director of Operations for the St. James Parish Government, testified that the parish did not issue a permit to the Board allowing it to re-open the Gate because the Board was not required to obtain a parish permit to use an exit at two existing roads. Chenier explained that the two roads at issue, Bulldog Boulevard and Buddy Whitney Street, are not parish roads. Because they Rare town roads, Chenier testified that they are under the jurisdiction of the town of Lutcher.
At the conclusion of the hearing, the trial court denied the Board’s exception of no cause of action. Because the trial court concluded that Zeringue had an adequate remedy at law and that any damage complained of could be compensated with monetary damages, it denied Zeringue’s request for a temporary restraining order and a permanent injunction, but granted the injunction to enjoin the Board from using Zeringue’s private property. The trial court’s judgment was signed on February 17, 2018. This appeal follows.
ASSIGNMENTS OF ERROR
On appeal, Zeringue contends that the trial court erred in denying his request for a temporary restraining order and in partially denying his request for a permanent injunction because (1) a showing of irreparable injury is not required when the deprivation of a constitutional right is involved; and (2) the trial court has broad discretion in granting or denying injunctions.
LAW AND DISCUSSION
As an initial matter, we note that Zeringue appeals the trial court’s denial of his request for a temporary restraining order, in addition to its denial of his request for permanent injunction. However, La. C.C.P. art. 3612 provides that “[tjhere shall be no appeal from an order relating to a temporary restraining order.” Therefore, the trial court’s denial of the temporary restraining order is not properly before this Court on appeal. We will now address the trial court’s partial denial of Zeringue’s request for permanent injunction.
In his first argument, Zeringue contends that the trial court erred in denying his request for permanent injunction because he was not required to make a showing of irreparable harm under these facts.
|fiThe issuance of a permanent injunction -takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence. Mary Moe, L.L.C. v. Louisiana Bd. of Ethics, 03-2220 (La.4/14/04), 875 So.2d 22, 29. *359 The appellate court reviews the granting or denial of a preliminary injunction under the manifest error standard. Id. The standard is the same for a permanent injunction. Id.
Under La. C.C.P. art. 3601, “[a]n injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to the applicant, or in other cases specifically provided by law.” An injunction is a harsh, drastic and extraordinary remedy, and should only issue where the mover is threatened with irreparable loss or injury without adequate remedy at law. Lafreniere Park Found. v. Friends of Lafreniere Park, Inc., 97-152 (La.App. 5 Cir. 7/29/97), 698 So.2d 449, 452, writ denied, 97-2196 (La. 11/21/97), 703 So.2d 1312. Irreparable injury means the moving party cannot be adequately compensated in money damages for his injury or suffers injuries which cannot be measured by pecuniary standards. Id. at 453.
■ • However, a petitioner is entitled to injunctive relief without the requisite showing of irreparable injury when the conduct sought to be restrained is unconstitutional or unlawful, ie., when the conduct sought to be enjoined constitutes a direct violation of a prohibitory law and/or a violation of a constitutional right. Jurisich v. Jenkins, 99-0076 (La.10/19/99), 749 So.2d 597, 599; citing South Cent Bell Tel. Co. v. Louisiana Pub. Serv. Comm’n, 555 So.2d 1370 (La.1990).
In this case, Zeringue contends that because the Board’s use of the Gate violates his constitutional right to peaceful possession and enjoyment of his property, he was not required to show irreparable injury. Though the | jurisprudence does provide an exception to the irreparable harm requirement, we find that Zeringue’s claim does not fall within that exception. Ze-ringue’s argument that school bus traffic interferes with his right to enjoy his property is insufficient to dispense with the irreparable harm requirement of permanent injunctions. There is no evidence establishing that the Board’s re-opening of the Gate, which was in use at the time Zeringue purchased his property, is in any way unconstitutional.
Nor is there any evidence establishing that the re-opening of the Gate violates any other law. Although Zeringue claims that the Board was required to obtain a permit in order to open the Gate, he failed to offer any evidence in support of this claim. Jody Chenier’s testimony established that the Board did not need a permit from the Parish of St. James in order to open the Gate.
Similarly, we find Zeringue’s argument that the Board’s use of the Gate violates Lutcher Zoning Ordinance No. 02-2 to be without merit. Our review of Ordinance No. 02-2 shows that it contains four sections relating to various uses and lot requirements for residential, commercial, and industrial property — none of which speak to a school board’s use of an intersection of two public roads. Because Ze-ringue has failed to show which, if any, section or provision of Ordinance No. 02-2 prohibits the Board’s re-opening of the Gate, we find no merit to this argument.
Accordingly, we find that the trial court properly concluded that Zeringue was required to show irreparable harm. The trial court specifically, found that Zeringue had an adequate remedy and that any damage he sustained can be compensated with monetary damages. Based upon our review of the record, Zeringue failed to establish by a preponderance of the evidence that he is entitled to permanently enjoin the Board from using the Gate. Rather, the record shows that Zeringue’s damages primarily consist of noise distur *360 bance and property 18damage. We find that all of these alleged damages could be adequately compensated with monetary damages, and therefore, do not rise to the level of irreparable loss or injury requisite to the issuance of a permanent injunction. Because an injunction is a harsh, drastic, and extraordinary remedy, and should only issue where the party seeking it is threatened with irreparable loss or injury without adequate remedy at law, we find no manifest error in the trial court’s denial of Zeringue’s request for a permanent injunction against the Board.
CONCLUSION
For the reasons stated herein, the judgment of the trial court denying plaintiff-appellant Roy Zeringue’s request for a temporary restraining order and granting in part and denying in part his request for a permanent injunction against defendant-appellee, St. James Parish School Board, is affirmed.

AFFIRMED.