JOY COSSICH LOBRANO, Judge.
11 Plaintiffs, Stuart H. Smith and Barry J. Cooper, appeal the trial court’s April 22, 2014 judgment denying their motion for partial summary judgment in the form of, an injunction. Defendants, John Tsatsoul-is d/b/a Market Café and Bon Jour Café, Inc., filed an answer to the appeal.
In 2001, plaintiffs, who are French Quarter residents, filed suit against defen *889 dants regarding complaints about live music performed at the Market Café, a business located at 1000 Decatur Street in New Orleans. The Market Café is near plaintiffs’ residence. Following several years of providing live musical entertainment, the Market Café obtained a live entertainment license from the City of New Orleans in 1995, and has obtained a new license each year since that time.
For purposes of this appeal, the following procedural history is relevant. On August 3, 2012, plaintiffs filed a motion for partial summary judgment, seeking a declaratory judgment that the live entertainment license issued by the City of New Orleans to defendants is illegal and invalid. On October 30, 2012, the trial court granted plaintiffs’ motion for partial summary judgment. Defendants filed a | «¿notion for new trial from the October 30, 2012 judgment. The motion for new trial was denied on November 20, 2012. On December 3, 2012, defendants filed a notice of intent to seek writs from the trial court’s October 30, 2012 judgment granting plaintiffs’ motion for partial judgment and the November 20, 2012 denial of defendants’ motion for new trial. The trial court set a return date for the filing of supervisory writs for review of those judgments, but no writ application was filed.
On January 15, 2013, defendants filed a motion for devolutive appeal of the October 30, 2012 judgment granting plaintiffs’ motion for partial summary judgment and the November 20, 2012 denial of defendants’ motion for new trial. The trial court granted the motion for devolutive appeal, and the appeal was filed in this Court. Plaintiffs subsequently filed a motion to dismiss defendants’ devolutive appeal. On May 24, 2013, this Court dismissed defendants’ appeal, finding that the judgment granting plaintiffs’ motion for partial summary judgment declaring that the live entertainment license issued to defendants is illegal and invalid was not designated as a final, appealable judgment, and did not satisfy any of the factors enumerated in La. C.C.P. art. 1915(A).[1]
On February 5, 2014, plaintiffs filed a motion for partial summary judgment, seeking an injunction prohibiting defendants from providing live entertainment at Market Café in accordance with the trial court’s October 30, 2012 judgment finding that the live entertainment license issued to Market Café by the City of |sNew Orleans is invalid and illegal. Plaintiffs alleged that despite the issuance of the October 30, 2012 judgment, defendants have continued to permit amplified live music to be played at the business at 1000 Decatur Street in New Orleans. Defendants opposed plaintiffs’ motion for partial summary judgment for injunctive relief, and also filed a peremptory exception of prescription pursuant to La. R.S. 9:5625 regarding plaintiffs’ claims for declaratory and injunctive relief, and a peremptory exception pursuant to La. C.C.P. art. 1880, arguing that plaintiffs cannot lawfully obtain declaratory relief against the validity of the City’s live entertainment permit without including the City of New Orleans and the French Market Corporation as parties.[2] Earlier in this litigation, defen *890 dants filed a similar exception regarding non-joinder of the City and the French Market Corporation under La. C.C.P. art. 641. All three exceptions noted above are still pending in the trial court.
On April 22, 2014, the trial court denied plaintiffs’ motion for partial summary judgment in the form of an injunction. The trial court did not issue written reasons for judgment, but stated on the record that genuine issues of material fact remain in this case. Plaintiffs filed a de-volutive appeal from that judgment.
|4Pefendants filed a motion to dismiss plaintiffs’ appeal of the April 22, 2014 judgment, arguing that the judgment appealed from is a non-final, interlocutory judgment. This Court denied the motion to dismiss the appeal, citing La. C.C.P. art. 3612, which states, in pertinent part, that “[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction.” Because the judgment appealed from relates to an injunction, this Court found that it is ap-pealable according to La. C.C.P. art. 3612. Smith v. Tsatsoulis, 14-742, p. 2 (La.App. 4 Cir. 9/3/14), — So.3d -, 2014 WL 4373524, writ denied, 14-2018 (La.10/9/14), 150 So.3d 889, 2014 WL 5314620.
On appeal, plaintiffs argue that the trial court erred in denying their motion for partial summary judgment, which sought to enjoin defendants from providing live entertainment. Plaintiffs argue that defendants’ actions in continuing to provide live entertainment violate the trial court’s October 30, 2012 judgment, which found that the live entertainment license granted to defendants by the City of New Orleans is illegal and invalid. Plaintiffs further argue that the trial court erred in considering defendants’ exceptions of non-joinder of a party and prescription as evidence and as a defense to the plaintiffs’ motion for partial summary judgment. Plaintiffs also argue that the trial court improperly considered certain evidence that should have been ruled inadmissible in this case. In their answer to plaintiffs’ appeal, defendants ask that, in addition to affirming the trial court’s April 22, 2014 denial of plaintiffs’ motion for partial summary judgment in the form of an injunction, this Court should also vacate the trial court’s October 30, 2012 1 ¡¡interlocutory judgment granting plaintiffs’ motion for partial summary judgment finding that the defendants’ live entertainment license is illegal and invalid.
The judgment appealed from in this case is unusual in that it merges the denial of a motion for partial summary judgment with the denial of a request for injunctive relief. In reviewing summary judgments, an appellate court applies the de novo standard of review, using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, 2007-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882 (citations omitted). However, in reviewing the denial of a preliminary or permanent injunction, an appellate court uses the abuse of discretion standard of review. French Market Vendors Association, Inc. v. French Market Corporation, 12-0964, p. 6 (La.App. 4 Cir. 2/13/13), 155 So.3d 514, 2013 WL 543627, citing A.M.E. Disaster Recovery Services, Inc. v. City of New Orleans, 10-1755, p. 4 (La.App. 4 Cir. 8/24/11), 72 So.3d 454, 456.
This case is further complicated by the fact that despite plaintiffs’ statements on appeal that the trial court erred in denying their request for a permanent injunction, both plaintiffs’ motion for partial summary judgment and the trial court’s April 22, 2014 judgment on that motion simply refer to the motion and ruling on that motion as a “motion for partial summary judgment in *891 the form of an injunction.” Plaintiffs did not state in their motion whether their request was for preliminary or permanent injunctive relief, and the trial court did not clarify the |fitype of injunctive relief being denied in its judgment. Furthermore, the record includes several peremptory exceptions that were filed in the trial court but have not yet been ruled upon, and the rulings on those exceptions could affect plaintiffs’ right to obtain injunctive relief and/or to prevail in this litigation.
Therefore, under either a de novo or an abuse of discretion standard of review, and even without considering the evidentiary items complained of by plaintiffs, the record does not establish that plaintiffs are entitled to injunctive relief at this time.
We also find no merit in defendants’ answer to plaintiffs’ appeal. In that answer, defendants ask this Court to vacate the October 30, 2012 interlocutory judgment granting plaintiffs’ motion for partial summary judgment, which declared that the live entertainment license issued to defendants by the City is illegal and invalid. Defendants did not seek writs from this interlocutory judgment, and their appeal of this non-final judgment was dismissed by this Court.
La. C.C.P. art. 2133 states, in pertinent part: “The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.” In this appeal, there was nothing in the judgment appealed from that was rendered against defendants/appellees and in favor of plaintiffs/appellants. Although related to the judgment currently appealed from, the October 30, 2012 interlocutory judgment is not properly before this Court in this appeal. The only reason the April 22, 2014 judgment is properly on appeal is because of La. C.C.P. |73612, which allows appeals to be taken from judgments relating to injunctions. However, we note that when an unrestricted appeal is taken from a final judgment, an appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him in addition to the review of the final judgment. Olsen v. Olsen, 12-737, p. 4, n. 1 (La.App. 5 Cir. 3/13/13), 113 So.3d 274, 277.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.
LOMBARD, J., concurs in the result.

. The appeal of the October 30, 2012 judgment was filed in this Court under case number 2013-CA-0349.

. According to defendants, the City owns the property at 1000 Decatur Street, and the French Market Corporation is a public benefits corporation established by the City’s Home Rule Charter, and is tasked with the duty to "endeavor to use the leased premises thereon in such a way as to derive the maximum revenues from the French Market properties.” The lease for the business operating as Market Café is between Bon Jour Café and the French Market Corporation. The French Market Corporation manages the Market Café.