JOY COSSICH LOBRANO, Judge.
Iiln this public bid case, appellant Durr Heavy Construction (“Durr”) appeals the portion of the district court’s judgment of July 30, 2015 denying Durr’s petition for injunctive relief to enjoin the awarding of a public work contract. For the reasons which follow, the district court’s order denying injunctive relief is reversed, and this matter is remanded to district court for proceedings consistent with this opinion.
FACTUAL AND PROCEDURAL HISTORY
On March 24, 2015, the City of New Orleans (“City”) issued an Invitation to Bid on a public work for the paving of streets in Lakeview pursuant to the Louisiana Public Bid Law, La. R.S. 38:2211, et seq. (“Public Bid Law”). On page one of the Invitation to Bid, the City identified the public work with Proposal Number 500C-01811 and with the Project Name as “Lakeview Quad 2 Pavement-2012FEMA-1C-2A.” On the same page, the City instructed that bids should be | ¡¡submitted either online or in sealed envelopes bearing the Proposal Number and a Louisiana State Contractor’s License Number.[1]
*568 On May 15, 2015, the sealed bids for the public work were submitted to the City and opened. The City’s bid tabulation reflected that TKTMJ, Inc. (“TKTMJ”) submitted the lowest numerical bid, Roubion Roads & Streets, L.L.C. (“Roubion”) submitted the second-lowest numerical bid, and Appellant Durr was the third-lowest numerical bidder. Neither TKTMJ’s nor Roubion’s bids contained the Proposal Number on the envelope. Rather, both TKTMJ and Roubion had marked their envelopes with the Project Name and with PW 17124. Durr marked its envelope with the Proposal Number as well as with the Project Name and PW 17124.
Durr filed a protest with the City, arguing that the two lower bids were non-responsive, because they did not include the Proposal Number on the front of their submission envelopes as required by the Invitation to Bid. The City denied Durr’s protest, and Durr sought injunctive and other relief in district court which was denied. Durr appeals, arguing that the district court committed legal error by allowing the City to waive a non-waivable provision of the bidding documents, and requesting that we reverse the district court’s denial of the preliminary injunction, and remand this matter to district court. In its appeal, Durr identifies two assignments of error/issues for review: (1) whether the district court erred in | concluding that a requirement stated in the bidding documents was waivable; and (2) whether under the Public Bid Law, the City has any discretion to waive a stated requirement for “good reason.”
DISCUSSION
When a petitioner seeks to enjoin conduct in direct violation of a prohibitory law, it must demonstrate the following: “first, that the conduct violates a prohibitory law (ordinance or statute) or the constitution; second, that the injunction seeks to restrain conduct, not order it; and third, that the plaintiff has met the low burden of making a prima facie showing that he is entitled to the relief sought.” Yokum v. Pat O’Brien’s Bar, Inc., 2012-0217, pp. 8-9 (La.App. 4 Cir. 8/15/12), 99 So.3d 74, 81. Generally, “[i]n reviewing the denial of a preliminary or permanent injunction, an appellate court uses the abuse of discretion standard of review.” Smith v. Tsatsoulis, 2014-0742, p. 5 (La.App. 4 Cir. 1/14/15), 158 So.3d 887, 890. This deferential standard is “based upon the conclusion that the trial court committed no error of law....” Smith v. Brumfield, 2013-1171, p. 7 (La.App. 4 Cir. 1/15/14), 133 So.3d 70, 75.
This appeal calls for us to interpret Louisiana’s Public Bid Law, La. R.S. 38:2211 et seq. As it is a matter of statutory interpretation, our standard of review of the district court’s legal conclusion is de novo. Dynamic Constructors, L.L.C. v. Plaquemines Par. Gov’t, 2015-0271, p. 4 (La.App. 4 Cir. 8/26/15), 173 So.3d 1239, 1243.
^Louisiana’s Public Bid Law governs the manner by which all contracts for public works are to be awarded. Id. at pp. 5-6, 173 So.3d at 1243-44. It was enacted in the interest of the taxpaying citizens, to protect against favoritism in contracting by public officials resulting in exorbitant and extortionate prices. Id., citing Haughton Elevator Div. v. State Div. of Admin., 367 So.2d 1161, 1164 (La.1979); Concrete Busters of Louisiana, Inc. v. Board of Comm’rs of the Port of New Orleans, 10-1172, p. 4 (La.App. 4 Cir. 2/2/11), 69 So.3d 484, 486. As such, it is “a prohibitory law founded on public policy,” *569 and must be strictly construed. Id., quoting Broadmoor, L.L.C. v. Ernest N. Mortal New Orleans Exhibition Hall Auth. 04-0211, 04-0212, pp. 6, 8-9 (La.3/18/04), 867 So.2d 651, 656-57.
Relevant to the case at bar is La. R.S. 38:2212, which provides:
A. (1) All public work exceeding the contract limit as defined in this Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible and responsive bidder who had bid according to the bidding documents as advertised, and no such public work shall be done except as provided in this Part.
(2) The term “bidding documents” is defined in R.S. 38:2211(A).
B. (1) The provisions and requirements of this Section and those stated in the bidding documents shall not be waived by any entity.
La. R.S. 38:2212 (emphasis added).
“ ‘Bidding documents’ means the bid notice, plans and specifications, bid form, bidding instructions, addenda, special provisions, and all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract.” La. R.S. 38:2211(A)(2).
IfiThus, according to the plain language of the statute, the provisions and requirements stated in the City’s Invitation to Bid are not waivable.
Notwithstanding these provisions, the City maintains that in choosing to disregard the provision in the Invitation to Bid directing bidders to include the Proposal Number on the front of the bid envelope, it did not waive a requirement, but rather made a reasonable, good-faith interpretation of an unclear term in its bidding documents.
We disagree. Applying the plain language of the Public Bid Law, we find that the City did not have the discretion to waive the provision in its Invitation to Bid which directed bidders to include the Proposal Number on the front of the bid envelope.[2] We also find that the identification of the Proposal Number and the instruction to include the Proposal Number were unambiguous. The Invitation to Bid clearly identified the Proposal Number at the top of the document, the same page which contained the instruction that it must be included on bid envelopes. For this reason, we find the City’s reliance on Clement v. St. Charles Par., 524 So.2d 86 (La.App. 2 Cir.1988), unavailing. In that case, the Second Circuit held that an agency’s “reasonable, good faith interpretation of its own specifications should not be disturbed by a court whose views might be different.” Id. at 89. Clement is distinguishable because in that case the agency was called upon to interpret an 17ambiguous instruction. The same cannot be said in this case, where the instruction to include the Proposal Number, on the same page and six inches below the number identified as the Proposal Number, was very clear and unambiguous.
We have also considered TKTMJ’s argument that the Proposal Number is waiva-ble because it is not a “requirement” of the bidding documents as set forth in La. R.S. 38:2212(B). That statute provides in part:
*570 (2) Any public entity advertising for public work shall use only the Louisiana Uniform Bid Form as promulgated in accordance with the Administrative Procedure Act by the division of administration, office of facility planning and control. The bidding documents shall require only the following information and documentation to be submitted by a bidder at the time designated in the advertisement for bid opening: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Signature of Bidder, Name, Title, and Address of Bidder, Name of Firm or Joint Venture, Corporate Resolution or written evidence of the authority of the person signing the bid, and Louisiana Contractors License Number, and on public works projects where unit prices are utilized,, a section on the bid form where the unit price utilized in the bid shall be set forth including a description for each unit; however, unit prices shall not be utilized for the construction of building projects, unless the unit prices and them extensions are incorporated into the base bid or alternates. (Emphasis added.)
TKTMJ contends that the foregoing suggests that the non-waivable require-, ments of the bidding documents are limited to the exclusive list of items set forth in the above provision, and a public entity may impose no further non-waivable requirements upon bidders.
However, we note that the broad, mandatory non-waiver language of La. R.S. 38:2212(B)(1) is not limited to the statutory requirements of 38:2212(B)(2). Rather, it states that “[t]he provisions and requirements of this Section and those stated in the bidding documents shall not be waived by any entity.”' La‘. R.S. 38|2212(B)(1) (emphasis added). Thus, even if we were to adopt the view that the non-waivable requirements of the bidding documents are limited to those specifically listed in 38:2212(B)(2), that does not negate the fact that under La. R.S. 38:2212(B)(1), any other provisions stated in the bidding documents are also non-waivable. In the case sub judice, the Invitation to Bid clearly provided that the bid envelope must contain the Proposal Number. TKTMJ’s and Roubion’s did not. Construing the Public Bid Law strictly (as we must), TKTMJ’s and Roubion’s bids are non-responsive.
We acknowledge that this analysis results in the lowest bidders being rejected on a technicality, with the unfortunate consequence that the City may have to incur additional expense to complete this public work. However, we are constrained by the statute as written, and we recognize that the trend of the numerous revisions to the Public Bid Law and to case law interpreting it has been to limit the discretion of public entities reviewing bids in order to ensure a fair and level playing field for all bidders. As the Louisiana Supreme Court has stated, “[t]he language of .., 38:2212(A)(l)(b)[3] is clear and unambiguous: when a public entity elects to place certain requirements in its advertisements for bids and on its bid forms, that entity is bound by those requirements and may not choose to waive them at a later date.” Hamp’s Const., L.L.C. v. City of New Orleans, 2005-0489, p. 7 (La.2/22/06), 924 So.2d 104, 109, quoting Broadmoor, L.L.C. v. Ernest N. Mortal New Orleans Exhibition Hall Auth., 04-0211 (La.3/18/04), 867 So.2d 651, 657. “The public entity does not have the discretion to determine, after bids have been submitted, whether a requirement is substantive or non-substantive, waivable or *571 non-waivable. Once the public entity establishes a. requirement, that requirement must be uniformly followed by all bidders.” Id. at pp. 10-11, 924 So.2d at 111.
We are aware 'that it has been suggested that the 2008 amendments[4] to the Public Bid Law legislatively overruled the broad non-waiver rule of Hemp’s and cases following it. See Phylway Constr., LLC v. Terrebonne Par. Consol. Gov’t, 13-1589 (La.App. 1 Cir. 9/5/14), 153 So.3d 516, 523-24, writ denied, 14-2677 (La.3/13/15), 161 So.3d 462 (Kuhn, J., dissenting). While we recognize the appeal of this argument, the fact is that limiting the substantive requirements of the bidding documents to an exclusive list does not necessarily negate the rule that additional provisions cannot be waived. While there is some tension, they are not strictly mutually exclusive, and we again go back to the unequivocal language of La. R.S. 38:2212(B)(1), modified in the 2014 revisions[5] and' explicitly approved in its current form, that the “provisions ... stated in the bidding documents [including the Invitation to Bid] shall not be waived.”[6] In addition, we note that this Circuit, in a post-2008 amendment decision, has previously concluded that a public entity may supplement the La. R.S. 38:2212 requirements for the public bidding process with bidding instructions, which are then non-waivable. See Concrete Busters of La., Inc. v. Bd. of Comm’rs of the Port of New Orleans, 10-1172, pp. 9-10 (La.App. 4 Cir. 2/2/11), 69 So.3d 484, 489-90.
While under the present facts the result may well be that the City incurs additional expense to complete this public work, adopting a scheme in which a public entity can waive the provisions of its bidding documents at its discretion would create an opening for public entities to create and then waive provisions at whim in order to select a favored contractor, undermining the policy behind the Public Bid Law. We also note that this is not the first, instance of a bid being rejected because of an issue with the labeling of the bid envelope. See Barriere Constr. Co., LLC v. Terrebonne Par. Consol’d Gov’t, 99-2271 (La.App. 1 Cir. 2/18/00) 754 So.2d 1123 (affirming district court’s holding rejecting a bid which did not include the project name and number on the outside of the envelope, as required by the bid documents, stating that the public bid law had been changed to remove the discretion previously given to public to waive formal irregularities).
Accordingly, we find merit in Durr’s assignments of error, and conclude that the City’s waiver of a provision of its bidding documents is in violation of the Public Bid Law, and that all other requirements for the injunctive relief sought have been met. The district court therefore abused its discretion in denying injunctive relief, and thus the portion of the judgment of the district court denying injunctive relief enjoining and restraining the City of New Orleans from awarding the contract for the public work to TKTMJ or Roubion is hereby REVERSED, and the City is enjoined from awarding the contract for the public work to TKTMJ or |nRoubion.[7] We remand this matter to the district court for proceedings consistent with this opinion.
*572 REVERSED IN PART AND REMANDED.

. Also, on the Invitation to Bid document, the City notified bidders that "[f]ailure to satisfy instructions may render bids non-responsive and remove them from the competition.” *568 Further, the Specifications attached to the Invitation to Bid stated that the "[fjailure to submit all requested information will make a bid irregular and subject to rejection.”

. We also note that the case relied upon by the City for its contention that it has the discretion to interpret its bid documents in a way that effectively waives a requirement of its instructions, Haughton Elev. Div. v. State of La., through Div. of Admin., 367 So.2d 1161 (La. 1979), pre-dates the series of revisions to the Public Bid Law beginning in 1984 which explicitly codify the lack of discretion to waive bidding provisions and requirements, even formal ones.

. Currently recodified at La. R.S. 38:2212(B)(1).

. La. Acts 2008, No. 727.

. La. Acts 2014, No. 759,

. If the legislature intended to alter this broad rule, we invite it to clarify.

.As acknowledged by Durr in its brief, the City has not yet reviewed Durr’s bid, nor received required post-bid documents, Accordingly, a reversal of the district court’s denial of a writ of mandamus ordering it to award the contract to Durr would be premature.