| | |
|---|---|
| BOH BROS. CONSTRUCTION CO., L.L.C. | NO. 20-CA-472 |
| VERSUS | FIFTH CIRCUIT |
| PARISH OF JEFFERSON | COURT OF APPEAL |
| | STATE OF LOUISIANA |


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 810-091, DIVISION "H"
HONORABLE GLENN B. ANSARDI, JUDGE PRESIDING


June 02, 2021


**MARC E. JOHNSON**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Robert A. Chaisson


**REVERSED AND RENDERED;**
**REMANDED FOR FURTHER PROCEEDINGS**
    **MEJ**
    **JGG**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLANT,
BOH BROS. CONSTRUCTION CO., L.L.C.
 Michael R.C. Riess
 Michael D. Lane

COUNSEL FOR DEFENDANT/APPELLEE,
PARISH OF JEFFERSON
 W. Reed Smith

COUNSEL FOR DEFENDANT/APPELLEE,
COMMAND CONSTRUCTION, L.L.C.
 H. Bruce Shreves
 Denise C. Puente
 Peter S. Thriffiley, Jr.

**JOHNSON, J.**

Plaintiff/Appellant, Boh Bros. Construction Co., L.L.C. (hereinafter referred to as "Boh Bros."), appeals the trial court's judgment in favor of Defendant/Appellee, the Parish of Jefferson (hereinafter referred to as "the Parish") and Intervenor/Appellee, Command Construction, L.L.C. (hereinafter referred to as "Command"), from the 24th Judicial District Court, Division "H", which denied injunctive relief concerning a public bid for a public works project. For the following reasons, we reverse the trial court's denial of injunctive relief, enjoin the Parish from awarding the contract for the public work to the second-lowest responsive bidder, and find that Boh Bros. is the lowest responsive and responsible bidder for the public work contract. We also remand the matter for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

On June 10, 2020, the Parish issued an Advertisement for Bids for Project No. 2017-031-RBP (hereinafter referred to as "the Project"), Proposal No. 50-00130667, for the construction of U-Turn lanes over new drainage box culverts on West Esplanade Avenue near the intersection of Harvard Avenue. The initial bidding documents contained the Louisiana Uniform Public Work Bid Form and the Unit Price Form. The Parish issued multiple addenda to the bid proposal and the bidding documents, one of which was "Addendum No. 2."

Within Addendum No. 2, the Parish included the following pertinent language:

> This addendum shall be part of the Contract Documents as provided in the Instructions to Bidders.
>
> The following items are issued to add to, modify, and clarify the Contract Documents. These items shall have full force and effect as the Contract Documents, and the cost involved shall be included in the bid prices.
>
> Acknowledge receipt of the addendum by inserting its number on the

Bid Form of the Bid Documents. Failure to do so will subject the bidder to rejection.

This Addendum No. 2 consists of a total of 34 pages including attachments.

***

**II. SPECIFICATIONS:**

1. This addendum hereby revises and replaces the original Louisiana Uniform Public Work Bid Form and is attached hereto. Bidders must submit this revised, per Addendum No. 2, Louisiana Uniform Public Work Bid Form with their submission. Failure to do so will result in bid rejection.

Addendum No. 2 added two additional unit price items and one modified unit price item, which implemented a total of 88 unit price items.[1] Each of the 34 pages of the bidding documents for Addendum No. 2—the revised Louisiana Uniform Public Work Bid Form and the revised Unit Price Form—contained a header stating, "REVISED PER ADDENDUM NO. 2," and a footer stating, "ADDENDUM NO. 2," along with the corresponding page number.

The bids were opened for the Project on July 28, 2020. Vendors, including Boh Bros. and Command, submitted bids for the Project. Boh Bros. submitted a bid of $3,111,405.50. Boh Bros.' bidding documents contained a Uniform Bid Form with the header and footer specified by Addendum No. 2 and a Unit Price Form without the header and footer. The Unit Price Form contained 88 unit price items. Command submitted a bid of $3,288,248. Command's bidding documents contained a Uniform Bid Form and a Unit Price Form with the header and footer specified by Addendum No. 2 on each of the pages.

The bid tabulation was sent to all of the bidders on August 11, 2020. Although it was the lowest monetary bidder, Boh Bros.' bid was rejected as non-responsive by the Parish. The "Bid Analysis Listing" indicated that Boh Bros.' Unit Price Bid Form pages were not submitted on the "REVISED PER

---

[1] The initial Unit Bid Price Form contained 86 unit price items.

ADDENDUM NO. 2" bid form. Command was announced as the lowest bidder and was awarded the Project by the Parish. Boh Bros. timely submitted its written protest to the Parish on August 13, 2020. The Parish rejected the protest on August 20, 2020, specifying that it rejected Boh Bros. bid because it was unable to confirm that Boh Bros. submitted the Unit Price Bid Form required by Addendum No. 2.

On September 10, 2020, Boh Bros. filed its "Verified Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Mandamus, or in the alternative, for Damages." In its petition, Boh Bros. argued that it was the lowest responsive and responsible bidder for the Project because its bid contained all of the unit prices and descriptions of work in conformity with the Louisiana Public Bid Law and bidding requirements; and, it was the lowest monetary bidder. It sought relief that would enjoin the Parish from awarding the Project to any other bidder and compel the Parish to award the contract for the Project to Boh Bros. as the lowest responsive and responsible bidder. On September 21, 2020, Command filed its "Petition of Intervention," alleging it was the lowest responsive and responsible bidder for the Project because it complied with all of the requirements of the bidding documents, and any award of the contract for the Project with any other entity would be in violation of the Louisiana Public Bid Law. In response to Boh Bros.' petition, the Parish maintained that Boh Bros.' bid was non-responsive because it failed to comply with the bidding requirements. A trial on Boh Bros.' petition was held on September 28, 2020.

In a judgment rendered on September 30, 2020, the trial court denied Boh Bros.' petition and upheld the Parish's rejection of Boh Bros.' bid as non-responsive. The court further found that Command was the lowest responsive bidder for the Project. In its reasons for judgment, the trial court held that a public entity may include requirements and instructions in advertisements that exceed what is required by the Louisiana Public Bid Law, and the changes the Parish made

to the bid forms were in good faith and were reasonable. The instant devolutive appeal by Boh Bros. followed.

## ASSIGNMENTS OF ERROR

On appeal, Boh Bros. alleges the trial court erred in finding Boh Bros. did not comply with the bidding requirements for the Project let by the Parish, and the trial court erred in failing to rule that the Parish's modifications to the Louisiana Uniform Public Work Bid Form did not violate the statutory requirements of the Louisiana Public Bid Law.

## LAW AND ANALYSIS

General Precepts of Law

Under La. C.C.P. art. 3601, "[a]n injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to the applicant, or in other cases specifically provided by law." *Richard v. Bourgeois*, 19-494 (La. App. 5 Cir. 3/18/20); 293 So.3d 790, 793-94. An injunction is a harsh, drastic, and extraordinary remedy, and it should only issue where the mover is threatened with irreparable loss or injury without adequate remedy at law. *Id.*, citing *Lafreniere Park Found. v. Friends of Lafreniere Park, Inc.*, 97-152 (La. App. 5 Cir. 7/29/97); 698 So.2d 449, 452, *writ denied*, 97-2196 (La. 11/21/97); 703 So.2d 1312. "The issuance of a permanent injunction takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence." *Id.*, citing *Zeringue v. St. James Parish School Board*, 13-444 (La. App. 5 Cir. 11/19/13); 130 So.3d 356, 358-59. The appellate court reviews the granting or denial of a preliminary injunction under the manifest error standard. *Id.* The standard of review is the same for a permanent injunction. *Id.*

Compliance with the Bidding Requirements[2]

Boh Bros. alleges that the trial court legally erred in failing to conclude that

---

[2] Assignments of error one and two will be jointly discussed.

it complied with the Project's bidding requirements and the Louisiana Public Bid Law. It argues that all of the necessary information was submitted for the Parish to evaluate the responsiveness of its bid. Boh Bros. contends that it complied with the Advertisements for Bids, the bidding requirements, and the Public Bid Law because it submitted all of the work items (with correct reference numbers), unit prices, and unit price extensions[3] that were fully in line with the Parish's bidding documents.

Boh Bros. further alleges the trial court legally erred in finding the Parish could alter the Louisiana Uniform Bid Form by adding headers and footers. It argues that the Parish's additions to the form are impermissible alterations in contravention to the Louisiana Public Bid Law. Boh Bros. contends that the Louisiana Legislature explicitly mandated the Uniform Bid Form to only be used "as promulgated" with the stated purpose of "provid[ing] for the more effective and efficient letting of public works contracts and [establishing] a uniform standardized bid form to facilitate this;" and, the Parish unquestionably altered the mandated "as promulgated" form with the insertion of the headers and footers. It further contends that the addition of the headers and footers did not merely exceed the requirements set forth in the Public Bid Law, but the addition also conflicts with the statutory requirement that public entities shall only use the required form. As such, Boh Bros. maintains that the Parish's required use of the bidding documents with the headers and footers is facially invalid and unenforceable, and it should be awarded the Project as the lowest responsive bidder.

In opposition, the Parish asserts the trial court was correct in its determination that Boh Bros.' bid was properly rejected. It argues that neither the Uniform Bid Form nor the Unit Price Form was altered in any way, *i.e.*, no blanks

---

[3] Neither the Parish nor Command dispute the assertion that Boh Bros. met all of the unit price requirements set forth in Addendum No. 2.

were added and no additional information was required, and nothing was placed on the forms that was not already allowed by law. The Parish avers that the only revisions to the Uniform Bid Form and the Uniform Price Form were the additions of the header and footer at the top and bottom of each page, which enabled the reviewer to identify the proper forms used with the revised Addendum No. 2 bid specifications.[4] The Parish also avers that the inclusion of the instruction contained in Addendum No. 2 to use the labeled bid forms was well within its discretion as a public entity, and it did not require any additional information or documentation that exceeded the documents listed in La. R.S. 38:2212(B)(2), as the "Acknowledgment of Addenda" is an included item in the list of permitted documentation. Because Boh Bros. failed to submit the proper bid forms required by Addendum No. 2, the Parish maintains that Boh Bros.' improper bid forms rendered Boh Bros.' bid incomplete, irregular, ambiguous, and in violation of the General Conditions.[5,6]

La. R.S. 38:2212 provides, in pertinent part:

A. (1)(a) All public work exceeding the contract limit as defined in this Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible and responsive bidder who bid according to the bidding documents as advertised, and no such public work shall be done except as provided in this Part.

***

---

[4] The Parish contends that the only way to verify whether Boh Bros. included the revised bid specifications contained in Addendum No. 2 would be to go through Boh Bros.' form, line by line, and make certain that the revised specifications of Addendum No. 2 were, in fact, included; and, such an exercise is impractical and is impossible for the Parish to bear the responsibility to make such a determination on an ongoing basis.

[5] According to the Parish, Jefferson Parish Council Resolution 113646 set forth the General Terms and Conditions for the Project, and those terms were expressly made a part of the bid proposal and contract documents. Under "SECTION 4. REJECTION OF BIDS," the General Conditions provided that a bid could be rejected if the bid was on a form other than that furnished by the Parish or if the form was altered.

[6] Command, the intervenor in this proceeding, similarly argues the trial court correctly held that the Parish complied with the Louisiana Public Bid Law by rejecting the bid submitted by Boh Bros. Command maintains that the revised version of the Unit Price Form, as expressly required by the Parish's bidding documents, was not used by Boh Bros. Command further maintains that the requirement of the revised bid forms merely exceeded the Public Bid Law, rather than conflicted with it. Because Boh Bros. bid was non-responsive, Command asserts that it was the lowest responsive and responsible bidder in compliance with all of the requirements of the bidding documents for the Project and the Louisiana Public Bid Law.

(2) The term "bidding documents" is defined in R.S. 38:2211(A).[7]

B. (1) The provisions and requirements of this Section and those stated in the bidding documents shall not be waived by any entity.

(2) Any public entity advertising for public work shall use only the Louisiana Uniform Bid Form as promulgated in accordance with the Administrative Procedure Act by the division of administration, office of facility planning and control. The bidding documents shall require *only* the following information and documentation to be submitted by a bidder at the time designated in the advertisement for bid opening: Bid Security or Bid Bond, Acknowledgment of Addenda, Base Bid, Alternates, Signature of Bidder, Name, Title, and Address of Bidder, Name of Firm or Joint Venture, Corporate Resolution or written evidence of the authority of the person signing the bid, and Louisiana Contractors License Number, and on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid shall be set forth including a description for each unit; however, unit prices shall not be utilized for the construction of building projects, unless the unit prices and their extensions are incorporated into the base bid or alternates.

(3)(a) The bidding documents shall not require any bidder, other than the apparent low bidder, to furnish any other information or documentation, including the Attestation Affidavit and the E-Verification Form, any sooner than ten days after the date bids are opened; however, the apparent low bidder may submit such information or documentation at any time prior to the expiration of the ten-day period.

(Footnote added) (Emphasis added).

"Pursuant to the Public Bid Law, the legislature has specifically prescribed the conditions upon which it will permit public work to be done on its behalf or on behalf of its political subdivisions." *Leblanc Marine, L.L.C. v. Div. of Admin., Office of Facility Planning & Control*, 19-53 (La. 10/22/19); 286 So.3d 391, 394, quoting *Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Auth.*, 04-211, 04-212 (La. 3/18/04); 867 So.2d 651, 656. "The statute was enacted in the interest of the taxpaying citizens and has for its purpose the protecting of them against contracts of public officials entered into because of favoritism and

---

[7] According to La. R.S. 38:2211(A)(2), "'Bidding documents' mean the bid notice, plans and specifications, bid form, bidding instructions, addenda, special provisions, and all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract."

involving exorbitant and extortionate prices." *Id.* "A public entity has no authority to take any action which is inconsistent with the Public Bid Law." *Id.*

In the case at bar, the Parish required the header and footer on each page of the Uniform Bid Form and the Uniform Price Form, pursuant to Addendum No. 2. A public entity should not include any requirements in its advertisement for bids or bid form that it considers insignificant or are able to be waived. *Hamp's Const. L.L.C. v. City of New Orleans*, 05-489 (La. 2/22/06); 924 So.2d 104, 110, *rehearing denied*, (La. 4/17/06). "[W]hen a public entity elects to place certain requirements in its advertisement for bids and on its bid forms, that entity is bound by those requirements and may not choose to waive them at a later date." *Id.*, quoting *Broadmoor, L.L.C.*, 867 So.2d at 657. Therefore, the requirement of the placement of the header and footer on each page of the bidding documents by the Parish cannot be considered as an insignificant or non-substantive labeling requirement. Consequently, once the Parish required the placement of the header and footer on each page of the bid form, it could not waive that requirement. The Parish was required to reject Boh Bros.' bid as non-responsive because the bid form did not comply with the requirements set forth in the bidding documents. Thus, the issue before this Court is whether the Parish's requirement that the header and footer be placed on each page of the bidding documents was in violation of the Louisiana Public Bid Law.

While jurisprudence has recognized that a public entity may "include requirements and instructions in advertisements and bid forms that may exceed what is required by the Public Bid Law, as long as the statutory requirements are also met," there is scant jurisprudence that addresses the particular issue before us. *See*, *Leblanc Marine, L.L.C.*, 286 So.3d at 396, quoting *Phylway Const., LLC v. Terrebonne Par. Consol. Gov't*, 13-1589 (La. App. 1 Cir. 9/5/14); 153 So.3d 516, 521, *writ denied*, 14-2677 (La. 3/13/15); 161 So.3d 642. However, we will use the

Louisiana Supreme Court's decision in *Durr Heavy Construction, LLC v. City of New Orleans*, 16-609 (La. 4/15/16); 189 So.3d 384, as guidance.

In *Durr*, the City of New Orleans issued an "Invitation to Bid" on a public work for the paving of streets. *See*, *Durr Heavy Const., LLC v. City of New Orleans*, 15-915 (La. App. 4 Cir. 3/16/16); 217 So.3d 566, 567. On the first page of the invitation, the City identified a proposal number and project name for the public work, and it instructed that the submitted bids bear the proposal number and a Louisiana State Contractor's License number. The bids of the lowest numerical and second-lowest numerical bidders (TKTMJ, Inc. and Roubion Roads & Streets, L.L.C., respectively) did not include the proposal number. *Id*. at 568. The third-lowest bidder, Durr Heavy Construction, protested the two lower bids, arguing that they were non-responsive because they did not include the proposal number, as required by the "Invitation to Bid." *Id*. The City denied Durr's protest, and Durr subsequently sought injunctive relief from the trial court. The trial court denied Durr any injunctive relief, and Durr appealed. *Id*.

On appeal, the Fourth Circuit found that the directive in the City's "Invitation to Bid" to include the proposal number was unambiguous, and the City did not have the discretion to waive that provision. *Durr*, 217 So.3d at 569. While acknowledging that the analysis resulted in the lowest bidders being rejected on a technicality, with the unfortunate consequence that the City would have to incur additional expenses to complete the public work, the appellate court expressed that it was constrained by La. R.S. 38:2212 and the jurisprudence interpreting the statute to limit the discretion of public entities reviewing bids in order to ensure a fair and level playing field for all bidders. *Id*. at 570. The court concluded that the City's waiver of a provision of its bidding documents was in violation of the Public Bid Law, reversed the trial court's denial of injunction relief, rendered injunctive relief in favor of Durr, and enjoined the City from awarding the contract for the

public work to TKTMJ or Roubion. *Id.* at 571. Writs were applied for with the Louisiana Supreme Court from the appellate court's decision.

In granting the writs, the supreme court reversed the Fourth Circuit's ruling and reinstated the trial court's order denying the request for preliminary injunction filed by Durr. *Durr*, 189 So.3d at 384-85. In a concurrence, then-Chief Justice, Justice Johnson, found that La. R.S. 38:2212(B)(1) mandated that the bidding documents shall require the bidder to submit *only* the specific information listed. *Id.* at 386. Based on the clear wording of the statute, Chief Justice Johnson found that the Public Bid Law provided an exclusive list of the only 12 items of information that a public entity could require bidders to provide in the bidding documents to evaluate the bid's responsiveness, and a proposal number was clearly not one of the twelve items. *Id.*

After review of the facts of this matter, in conjunction with the *Durr* decision, we find that the Parish violated the Louisiana Public Bid Law when it imposed the requirement in Addendum No. 2 that the Uniform Bid Form and the Uniform Price Form contain a header and footer on each page. The headers and footers were not treated as simple labeling indicators by the Parish, but rather, they were requirements that could disqualify a bidder if they were not included on the bidding documents. La. R.S. 38:2212(B)(2) provides that *only* the specified information and documentation listed shall be required to be submitted by a bidder at the time designated in the advertisement for bid opening,[8] and the headers and footers on the Uniform Bid Form and the Uniform Price Form required by the

---

[8] Although it is not binding on this Court, we note the finding in Mr. Raymond E. Allain, La. Atty. Gen. Op. No. 17-0175 (2017). In that matter, the Louisiana Attorney General was requested to issue an opinion on whether addenda requiring that bidders acknowledge each Addendum by inserting the number and date of each Addendum in the space provided in the Louisiana Uniform Public Work Bid Form violated the Public Bid Law. The Attorney General opined that the requirement that all potential bidders acknowledge receipt of the addenda by inserting not only the Addendum's number but also the date on the space provided in the Louisiana Uniform Bid Form went beyond the scope of what is required of bidders in the Public Bid Law; thus, the failure of the lowest apparent bidder to include the date of each Addendum on the Uniform Bid Form did not render the bid as non-responsive.

Parish are not specifically listed. Thus, we conclude that Boh Bros.' bid was improperly rejected by the Parish as a non-responsive bid because it did not include the header and footer on each page of its bidding documents. Accordingly, we find that the trial court was manifestly erroneous in denying Boh Bros.' request for injunctive relief.

## DECREE

For the foregoing reasons, we reverse the ruling of the trial court that denied Boh Bros.' petition for preliminary injunction, permanent injunction, and mandamus and upheld the Parish's rejection of Boh Bros.' bid for the "West Esplanade Avenue U-Turns (Vicinity of Harvard Avenue)" Project as non-responsive. Furthermore, we enjoin the Parish from awarding Command Construction the public work contract for the Project and order that Boh Bros. be declared the lowest responsive and responsible bidder for the public work contract. We also remand the matter for further proceedings consistent with this opinion.

**<u>REVERSED AND RENDERED;</u>**
**<u>REMANDED FOR FURTHER PROCEEDINGS</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 2, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-CA-472**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
MICHAEL D. LANE (APPELLANT)          MICHAEL R.C. RIESS (APPELLANT)          W. REED SMITH (APPELLEE)
PETER S. THRIFFILEY, JR. (APPELLEE)

**MAILED**
DENISE C. PUENTE (APPELLEE)
H. BRUCE SHREVES (APPELLEE)
ATTORNEY AT LAW
1100 POYDRAS STREET
30TH FLOOR
NEW ORLEANS, LA 70163