LATOSHA THIELE AND SUSANNE GIOIELLE

VERSUS

LISA PEMBO

NO. 23-CA-213

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 837-680, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING


March 13, 2024


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and John J. Molaison, Jr.


**AFFIRMED IN PART; REVERSED IN PART**
 **JGG**
 **SJW**
 **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
LATOSHA THIELE AND SUSANNE GIOIELLE
   Arita M. L. Bohannan

COUNSEL FOR DEFENDANT/APPELLANT,
LISA PEMBO
   Erin A. Fisher

**GRAVOIS, J.**

Defendant/appellant, Lisa Pembo, appeals the trial court's March 10, 2023 judgment which issued a permanent injunction against her in favor of plaintiffs/appellees, Latosha Thiele and Susanne Gioiello, and Ms. Thiele's son Bryson Bordelon, found Ms. Pembo to be in contempt of court for violating a temporary restraining order, sentenced Ms. Pembo to six months in jail without bond, and ordered that Ms. Pembo undergo a mental health evaluation. For the reasons that follow, we reverse the judgment insofar as it issues a permanent injunction in favor of Bryson. Additionally, we reverse the judgment insofar as it holds Ms. Pembo in contempt of court, sentences her to six months in jail without bond, and orders her to undergo a mental health evaluation. We, however, affirm the judgment in all other respects.

## FACTS AND PROCEDURAL HISTORY

On February 13, 2023, Latosha Thiele and Susanne Gioiello[1] filed a petition for a temporary restraining order, and for preliminary and permanent injunctions, against defendant Lisa Pembo. Plaintiffs alleged that on October 31, 2022, Ms. Pembo drove to plaintiffs' home and made verbal threats against their lives. Plaintiffs asserted that Ms. Pembo told them, "I'm coming for you" and "I'll see you under concrete." Thereafter, on December 3, 2022, Ms. Pembo's daughter, Jordan Pembo, attacked plaintiffs and was subsequently charged with attempted second degree murder, battery, and aggravated criminal damage to property. In their petition, plaintiffs asserted that they feared for their safety and requested that an *ex parte* temporary restraining order be issued prohibiting Ms. Pembo from: 1) abusing, harassing, stalking, following, tracking, monitoring, or threatening plaintiffs; 2) contacting plaintiffs in any manner; 3) going within 100 yards of

---

[1] In the petition, plaintiff's name is spelled "Gioielle;" however, at the hearing on this matter, she spells her name "Gioiello."

plaintiffs' residence; 4) going to Ms. Thiele's place of employment and interfering in any way; and 5) damaging any of plaintiffs' belongings. On February 14, 2023, the trial court granted the temporary restraining order and set a rule to show cause hearing for February 23, 2023. Because Ms. Pembo was not served with the rule to show cause order prior to February 23, 2023, the matter was reset to March 7, 2023.[2]

At the March 7, 2023 hearing on plaintiffs' petition for preliminary and permanent injunction, both Ms. Thiele and Ms. Gioiello testified. Ms. Thiele testified that she has a son, Bryson Bordelon, and Bryson's father, Todd Bordelon, is engaged to Jordan Pembo, Ms. Pembo's daughter. Ms. Thiele met Ms. Pembo for the first time on October 31, 2022, when Ms. Pembo came to Ms. Gioiello's residence in a "rage," and threatened Ms. Thiele's life. Ms. Thiele testified that she recorded Ms. Pembo on her cell phone as Ms. Pembo yelled "I'm coming for you" and said she would see the parities under the concrete. The video was admitted into evidence and played for the court. Ms. Thiele testified that she was frightened by this event, as was Bryson who was present at the time. Following the event, Bryson texted his father, "[t]hat scared me." Ms. Thiele testified that Jordan Pembo is currently incarcerated for the attempted murder of Ms. Thiele, and as a result of that attempt, Ms. Thiele is currently in a wheelchair. Ms. Thiele stated that she is requesting that she be granted the relief as prayed for in her petition, that Ms. Pembo be ordered to stay away from her, her mom, Bryson and his school, and that Ms. Pembo be prohibited from attending any court hearings unless she is under issue of a subpoena.

---

[2] On February 24, 2023, the trial court signed a Louisiana Uniform Abuse Prevention Order against Ms. Pembo effective until March 7, 2023. The Order of Protection granted the same relief as provided in the February 14, 2023 temporary restraining order and additionally prohibited Ms. Pembo from going within 100 yards of plaintiffs and from contacting plaintiffs' family members and acquaintances.

Ms. Gioiello testified that the video played for the court was an accurate reflection of what occurred on October 31, 2022. When she first saw Ms. Pembo, she did not know who she was. Upon learning who she was, Ms. Gioiello became afraid for her and her daughter. She testified that she is seeking injunctive relief because she is afraid for her life and of irreparable harm and injury to her and her family.

Ms. Pembo, who appeared *pro se* at the hearing, testified that the video shown to the court was of her in front of Ms. Gioiello's home.

Following their testimony, counsel for plaintiffs requested that a permanent injunction be granted, and that the stay away order include Ms. Pembo's attendance at court hearings "in light of what had happened at the criminal hearing this week." When the trial judge asked what had occurred, plaintiffs' counsel explained that plaintiffs attended a criminal court hearing in Jordan Pembo's case, and Ms. Pembo also attended, even though she had been served with the temporary restraining order. The trial judge then told plaintiffs' counsel to put the case "back on." Ms. Thiele testified that Ms. Pembo attended a criminal hearing the previous Friday and sat in the same row as plaintiffs, but on the opposite side. Ms. Thiele testified that she felt intimidated and was upset by Ms. Pembo's attendance.

In a written judgment rendered on March 10, 2023, the trial court issued an indefinite permanent injunction applicable to plaintiffs and Bryson that prohibited Ms. Pembo from: 1) harassing, abusing, stalking, following, tracking, monitoring, or threatening the protected persons, including using any force reasonably expected to cause bodily injury; 2) contacting the protected persons; 3) going within 1000 feet of plaintiffs and Bryson; 4) going within 1000 feet of both plaintiffs' residences; 5) going to Ms. Thiele's place of employment; and 6) damaging the parties' belongings. The judgment ordered that the protective order apply to all areas including the courthouse and any and all hearings for which Ms. Pembo is

not subpoenaed. The court ordered Ms. Pembo to pay plaintiffs' court costs and attorney's fees. The trial court also found Ms. Pembo to be in contempt of court for violating the temporary restraining order on March 3, 2023, after being served with the temporary restraining order on March 1, 2023. As a result, the court sentenced Ms. Pembo to six months in jail without bond and ordered that she undergo a mental health evaluation for alcohol abuse and anger issues while incarcerated. If she could not undergo the evaluation while incarcerated, she was ordered to do so immediately upon her release.

Soon thereafter, on March 13, 2023, Ms. Pembo filed an *ex parte* motion and order to amend judgment and vacate the March 7, 2023 contempt finding, arguing that no notice to show cause was ever filed or served upon her prior to the finding of contempt. On March 14, 2023, plaintiffs filed a rule for contempt and other relief, arguing that Ms. Pembo should be held in contempt for violating the temporary restraining order when she went to the criminal hearing on March 3, 2023. On that same day, Ms. Pembo filed a notice of appeal of the March 10, 2023 judgment which was granted on March 16, 2023. Ms. Pembo subsequently withdrew her *ex parte* motion and order to amend judgment and vacate the March 7, 2023 contempt finding.

On March 21, 2023, this Court issued an Order in response to Ms. Pembo's "Request for Expedited Consideration and for Stay," staying Ms. Pembo's sentence and ordering that she be immediately released from parish prison.

This appeal followed.

On appeal, Ms. Pembo argues the following assignments of error:

1) The trial court erred in granting the temporary restraining order since there was no immediate threat of harm;

2) The trial court erred in granting the temporary restraining order since there was no certification of counsel as to notice, attempted notice, or reasons notice need not be given to Ms. Pembo;

3) The trial court erred in modifying the temporary restraining order on its own accord to include prohibiting Ms. Pembo from going within 100 yards of plaintiffs;

4) The trial court erred in granting the permanent injunction in favor of Bryson Bordelon, who was not a party;

5) The trial court erred in ordering Ms. Pembo to undergo a mental health evaluation;

6) The trial court erred in finding Ms. Pembo to be in contempt without giving her notice at least 48 hours prior to a rule to show cause hearing;

7) The trial court erred in finding Ms. Pembo in contempt when a different trial court judge said she could remain in the criminal hearing;

8) The trial court erred in sentencing Ms. Pembo to six months in jail;

9) The trial court erred in ordering the parties to appear before the trial court on plaintiffs' rule for contempt after the record was lodged; and

10) The trial court erred by not granting Ms. Pembo's exception of *res judicata*.

## ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, AND THREE

In her first three assignments of error, Ms. Pembo argues that the trial court erred in granting the temporary restraining order since it did not comply with the requirements set forth in La. C.C.P. art. 3603, *et seq.* Ms. Pembo argues that plaintiffs failed to give her proper notice that they were filing the temporary restraining order, and the trial court erred in granting the temporary restraining order without notice since plaintiffs did not satisfy the requirements set forth in La. C.C.P. art. 3603. Additionally, the trial court did not comply with La. C.C.P. art. 3604 because it failed to state why it granted the temporary restraining order without notice or hearing. Ms. Pembo asserts that the trial court violated La. C.C.P. art. 3607 when it modified the temporary restraining order to prohibit Ms. Pembo from going within 100 yards of plaintiffs without notice or a hearing. Finally, Ms. Pembo argues that she should be awarded damages for the wrongful issuance of the temporary restraining order pursuant to La. C.C.P. art. 3608.

Louisiana Code of Civil Procedure article 3612(A), which governs the review of the granting or denial of a temporary restraining order, provides: "There

shall be no appeal from an order relating to a temporary restraining order." Should a party be aggrieved by the granting of a temporary restraining order, the party may seek review by way of an application for supervisory writs to the court of appeal. *Lepine v. Lepine*, 17-45 (La. App. 5 Cir. 6/15/17), 223 So.3d 666, 672; *Harper v. Harper*, 00-1425 (La. App. 5 Cir. 1/30/01), 777 So.2d 1275, 1278, *writ denied*, 01-0768 (La. 5/11/01), 792 So.2d 736. In this case, Ms. Pembo did not raise these issues before the trial court and did not file an application for supervisory writs with this Court.

Pursuant to La. C.C.P. art. 3612(A), Ms. Pembo's assignments of error regarding the temporary restraining order are not properly before this Court for review on appeal. Accordingly, these assignments of error will not be considered.

### ASSIGNMENT OF ERROR NUMBER FOUR

In her fourth assignment of error, Ms. Pembo argues that the trial court erred in granting the permanent injunction in favor of Bryson Bordelon. She asserts that Bryson never petitioned the court for an injunction, never signed an affidavit alleging the reasons for such, and never intervened in any case requesting injunctive relief against Ms. Pembo. Ms. Pembo argues that the trial court's *sua sponte* act of adding a non-party is a violation of La. C.C.P. art. 3607. She argues that there is no evidence to support the trial court's decision to include Bryson in the permanent injunction.[3]

Louisiana Code of Civil Procedure article 3601(A) provides: "An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law." An injunction is a harsh, drastic, and extraordinary remedy, and should only issue where the mover is threatened with irreparable loss or injury without an adequate

---

[3] On appeal, Ms. Pembo does not argue that the trial court erred in granting the permanent injunction in favor of plaintiffs.

remedy at law. *Bourgeois v. Bazil*, 18-676 (La. App. 5 Cir. 4/24/19), 271 So.3d 341, 348. Irreparable injury means the moving party cannot be adequately compensated in money damages for the injury or suffers injuries which cannot be measured by pecuniary standards. *Zeringue v. St. James Par. Sch. Bd.*, 13-444 (La. App. 5 Cir. 11/19/13), 130 So.3d 356, 359.

The issuance of a permanent injunction takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence. The appellate court reviews the granting or denial of a permanent injunction under the manifest error standard of review. *Zeringue*, 130 So.3d at 358-59; *Mary Moe, L.L.C. v. Louisiana Bd. of Ethics*, 03-2220 (La. 4/14/04), 875 So.2d 22, 29. This standard recognizes that the trier of fact is in a better position to evaluate the credibility of witnesses and make factual determinations than is a reviewing court. *Parish Nat. Bank v. Ott*, 02-1562 (La. 2/25/03), 841 So.2d 749, 753.

Upon review, we find that the trial court erred in granting the permanent junction in favor of Bryson. In the petition for temporary restraining order and preliminary and permanent injunctions, Bryson was not a named party, and plaintiffs did not seek any injunctive relief in favor of Bryson.[4] It was not until the hearing on March 7, 2023 that Ms. Pembo became aware that plaintiffs were requesting that the permanent injunction be granted in favor of Bryson as well. Accordingly, we find that the trial court erred in granting the permanent injunction in favor of Bryson, and we reverse the portion of the permanent injunction which grants relief to Bryson, a non-party.

---

[4] Further, the Order of Protection issued by the trial court on February 24, 2023 prohibited Ms. Pembo from contacting plaintiffs' family members, but it did not list Bryson as a protected person.

## ASSIGNMENTS OF ERROR NUMBERS FIVE, SIX, SEVEN, AND EIGHT

In assignments of error numbers five, six, seven and eight, Ms. Pembo argues that the trial court erred by finding her in contempt of court, sentencing her to six months in jail without bond, and ordering that she undergo a mental health evaluation for alcohol abuse and anger issues. Ms. Pembo contends that she was never provided notice of the contempt charge or that a contempt hearing would be occurring, in violation of La. C.C.P. art. 225.

Notably, on appeal, plaintiffs do not contest that Ms. Pembo did not have notice that they were seeking that she be held in contempt of court.

Louisiana Code of Civil Procedure article 224 defines a constructive contempt as "any contempt other than a direct one," and delineates a number of acts that constitute a constructive contempt, including the following: "wilful [sic] disobedience of any lawful judgment, order, mandate, writ, or process of the court." The procedures to be followed in charging and adjudicating a charge of constructive contempt are described in La. C.C.P. art. 225. Article 225 requires a rule to show cause describing the facts alleged to constitute the contempt, notice to the person charged at least 48 hours before the hearing, and a trial of the rule. *Succession of Bell*, 06-1710 (La. App. 1 Cir. 6/8/07), 964 So.2d 1067, 1071.[5]

---

[5] La. C.C.P. art. 225(A) provides:

A. Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor *only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court's own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute the contempt.* A person charged with committing a constructive contempt of a court of appeal may be found guilty thereof and punished therefor *after receiving a notice to show cause, by brief, to be filed not less than forty-eight hours from the date the person receives such notice why he should not be found guilty of contempt and punished accordingly.* The person so charged shall be granted an oral hearing on the charge if he submits a written request to the clerk of the appellate court within forty-eight hours after receiving notice of the charge. Such notice from the court of appeal may be sent by registered or certified mail or may be served by the sheriff. In all other cases, a certified copy of the motion, and of the rule to show cause, shall be served

In the present case, no rule to show cause was issued describing the facts alleged to constitute Ms. Pembo's contempt and no notice was given to Ms. Pembo at least 48 hours before the hearing. Due to this failure to comply with the requirements provided in La. C.C.P. art. 225, the trial court was without authority to conduct a contempt rule against Ms. Pembo or to issue a judgment pursuant to such proceedings. Accordingly, we reverse the judgment of contempt, the resulting sentence of six months in jail, and the order to attend a mental health evaluation.

## ASSIGNMENTS OF ERROR NUMBERS NINE AND TEN

In Ms. Pembo's final two assignments of error, she argues that the trial court erred when it ordered the parties to appear before the trial court on plaintiffs' rule for contempt and for other relief after the record was lodged, and the trial court erred when it denied her exception of *res judicata*. The record reveals that on March 28, 2023, Ms. Pembo filed a motion to stay plaintiffs' rule for contempt and for other relief filed on March 14, 2023. The record is devoid of any ruling on her motion to stay or any ruling on plaintiffs' rule for contempt. Further the record before us does not contain Ms. Pembo's exception of *res judicata*, nor any ruling by the trial court on the exception. An appellate court must render its judgment upon the record on appeal. La. C.C.P. art. 2164. Therefore, review of these matters is not properly before this court and will not be considered.

## DECREE

For the foregoing reasons, the trial court's March 10, 2023 judgment is reversed in part and affirmed in part. The trial court's judgment is reversed insofar as it issues a permanent junction in favor of Bryson Bordelon. The trial court's

---

upon the person charged with contempt in the same manner as a subpoena at least forty-eight hours before the time assigned for the trial of the rule.

(Emphasis added.)

judgment is also reversed insofar as it finds Ms. Pembo in contempt of court, her

resulting sentence, and the order that she undergo a mental health evaluation.  In

all other respects, however, the trial court judgment is affirmed.

**AFFIRMED IN PART; REVERSED IN PART**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 13, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-CA-213**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
ARITA M. L. BOHANNAN (APPELLEE)          ERIN A. FISHER (APPELLANT)

**MAILED**